# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2026

Lyle W. Cayce
Clerk

———————

No. 25-30678
Summary Calendar

———————

Tonyell Toliver, *Trustee of* TLR Holding Company,

*Plaintiff—Appellant*,

*versus*

Navy Federal Credit Union; Weltman, Weinberg & Reis Company, L.P.A.; A Professional Law Corporation,

*Defendants—Appellees*.

————————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:25-CV-1420

————————————————————————

Before Haynes, Graves, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Tonyell Toliver appeals the dismissal of her Fair Debt Collection Practices Act (FDCPA) and fraud claims against A Professional Law Corporation (APLC)[1] with prejudice. She argues the district court abused

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Toliver improperly named APLC, instead of Edward F. Bukaty, III, A Professional Law Corporation, as a defendant.

its discretion and violated her due process rights by dismissing her claims with prejudice because she did not receive notice of the motion or have an opportunity to respond.

We "may affirm on grounds other than those relied upon by the district court when supported by the record." *Kovac v. Wray*, 109 F.4th 331, 335 (5th Cir. 2024) (internal quotation marks and citation omitted). Toliver raised claims that APLC violated the FDCPA and committed fraud under Louisiana law. A claim under the FDCPA has a one-year statute of limitations. *See Rotkiske v. Klemm*, 589 U.S. 8, 9-10 (2019). APLC filed a petition against Toliver in state court on May 17, 2024, which it served on her on May 22, 2024. Any FDCPA claim Toliver had against APLC prescribed one year later, on May 22, 2025. *See Rotkiske*, 589 U.S. at 9; *see also Serna v. Onwuteaka*, 732 F.3d 440, 443-49 (5th Cir. 2013). Because Toliver did not file this action until July 10, 2025, her FDCPA claim was barred by the statute of limitations. *See Rotkiske*, 589 U.S. at 9.

Toliver's state fraud claim also had a one-year prescription period under Louisiana Civil Code article 3492. *Griffin v. BSFI Western E & P, Inc.*, 812 So. 2d 726, 734 (La. App. 2002). Toliver was aware of APLC's alleged fraud as of May 22, 2024, the date she was served with the petition. *See Oil Ins. Ltd. v. Dow Chemical Co.*, 977 So. 2d 18, 22 (La. App. 2007). The one-year prescription period began on that date and ended on May 22, 2025. *See Oil Ins. Ltd.*, 977 F.2d at 22; *Griffin*, 812 So. 2d at 734. Because Toliver did not file suit until July 10, 2025, her fraud claim against APLC was prescribed. *See Oil Ins. Ltd.*, 977 F.2d at 22; *Griffin*, 812 So. 2d at 734. We affirm the district court's judgment on the ground that Toliver's claims were barred by the applicable statutes of limitations. *See Kovac*, 109 F.4th at 335.

Toliver also contends the district court abused its discretion by denying her motion for leave to amend her complaint. As discussed above,

No. 25-30678

Toliver's FDCPA and fraud claims against APLC were barred by the applicable one-year statute of limitations. *See Rotkiske*, 589 U.S. at 9; *see also Oil Ins. Ltd.*, 977 F.2d at 22. Because Toliver's FDCPA and fraud claims against APLC had prescribed, any amendment of her claims against APLC would have been futile. *See Turnage v. Britton*, 29 F.4th 232, 244 (5th Cir. 2022). The district court did not abuse its discretion.

AFFIRMED.